UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMAS ESCOBEDO, § | |
| § | |
| Individually and on Behalf of All § | |
| Persons Similarly Situated § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | |
| § | Civ. Action No. 4:13-cv-2405 |
| METAL PROTECTIVE COATING § | |
| PROFESSIONALS, INC., d/b/a § | |
| D&R METAL FINISHING INC., and § | |
| RICHARD EARLY CARROLL § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

This case arises out of Plaintiff Tomas Escobedo's employment relationship with at least one of Defendants Metal Protective Coating Professionals, Inc., d/b/a D&R Metal Professionals, Inc. ("D&R"), and Richard Earl Carroll ("Carroll"). On behalf of himself and others similarly situated, Plaintiff makes two claims under the Fair Labor Standards Act ("FLSA), 29 U.S.C. § 201 *et seq*. First, he seeks unpaid overtime compensation, alleging that he was not paid for hours worked in excess of forty hours per week. (Doc. No. 1 at 6.) Second, he requests compensation for "off-the-clock" work, arguing that he was not compensated for all the hours he worked in a given workweek. *Id.* at 8.

Defendants make two arguments as to why this court should dismiss for failure to state a claim. First, Defendants contend that Plaintiff has not pleaded that Defendants constituted his employer or that Defendants are an "enterprise" under the FLSA. (Doc. No. 6 at 2-3.) Second, Defendants contend that because "the Complaint fails to allege what Escobedo really believes

1

was done incorrectly." *Id.* at 3.  The Court finds the first argument meritorious and therefore **GRANTS** the Motion.  It does not reach Defendants' second contention.

## I. LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully.  *Id.* at 678.  Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).

## II. DISCUSSION

Defendants contend that Plaintiff has not met his burden to plead that Defendants served as Plaintiff's employer.  To be sure, bald assertions such as those found in Paragraphs 13 ("At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA"), and 17 ("Defendants are Plaintiff's 'employer' within the meaning of Section 3(d) of the FLSA")

of the Complaint (Doc. No. 1 at 3) are legal conclusions "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.

In an effort to support those conclusions, Plaintiff alleges that Defendant Metal Protective Coating Professionals, Inc., which does business as D&R Metal Finishing, Inc., "is a validly existing Texas corporation." (Doc. No. 1 at 2.) He notes that Defendant Carroll is D&R's registered agent. *Id.* Plaintiff alleges that "Defendants" employed him from sometime in 2010 through June 13, 2013 at a specific address in Houston, Texas. *Id.* at 4. He explains that he "worked as an assembler/metal cleaner/finisher in Defendant's metal finishing business." *Id.* at 5. Even more specifically, Plaintiff alleges that he "cleaned industrial metal materials utilized primarily in commercial applications and performed any additional general labor requirements required of him by the Defendants." *Id.* He asserts that it was Defendants who required him to work in excess of forty hours per week. *Id.*

"The FLSA requires 'employers' to pay their employees a minimum wage." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (quoting 29 U.S.C. § 206(a)). To determine whether an employer-employee relationship existed, courts in this circuit employ an "economic reality test," which looks to whether the alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (internal quotation marks omitted). "In cases where there may be more than one employer, th[e] court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Id*. (quoting *Watson v. Graves,* 909 F.2d 1549, 1556 (5th Cir. 1990)). As this Court explained last month, on a motion to dismiss, the Court need not find this test definitively satisfied; it "need only find it to be

plausible that Plaintiffs will eventually show that [Defendants] satisfy the standard." *Aaron v. Leday*, No. 4:13-CV-01716, 2013 WL 5936623, at *10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.).

While Plaintiff's allegations are such that it seems likely that he will ultimately be able to show that *at least* one of the two named Defendants served as his employer — he unambiguously alleges that he worked for *someone*[1] — Defendant is correct that Plaintiff "has to allege that D&R *and* Carroll each actually fall within the requirements of the statute and are covered by it." (Doc. No. 6 at 3 (emphasis in original).) He has not done so. Rather, Plaintiff has not furnished the Court with *any* factual allegations as to which Defendant did what. *Cf. Kaminski v. BWW Sugar Land Partners*, No. CIV.A. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) (granting a motion to dismiss because Plaintiffs had not "offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA"). Plaintiff's Complaint not only lacks factual allegations as to how the events that gave rise to this lawsuit were allocated between the two Defendants — *e.g.*, who forced him to work in excess of forty hours per week? — but also fails to describe how his employment was handled generally. That is, Plaintiff offers nothing in the way of who hired him or had the ability to fire him, who supervised and controlled his schedule and day-to-day duties, who determined what, how, and when he was paid, and the like.[2] Until he offers more

---

[1] Not only that, Plaintiff unambiguously pleads that *someone* failed to pay him overtime compensation he was allegedly due. (*See* Doc. No. 1 at 5.) Thus, the Court seriously doubts whether, if/when Plaintiff properly alleges that a given entity served as his employer, the Defendant could successfully move to dismiss Plaintiff's overtime claim.

[2] For instance, it is possible that Plaintiff was employed by D&R and that, other than being its registered agent, Carroll had no meaningful association with the company and exerted no control over its employees. Alternately, it is also possible that Plaintiff worked directly for Carroll and that D&R was an unrelated venture that Carroll controlled, but for which Plaintiff never directly did any work. Yet a third possibility is that Plaintiff was technically employed by D&R, but that Carroll served as its lone management-level employee and made each and every decision with respect to the business. As of now, any of these three scenarios seems *possible*, but none seems *plausible*.

factual content, the Court is incapable of inferring that either D&R or Carroll served as his employer.

The cases cited by Plaintiff to the contrary are unavailing.  In *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 WL 5372529, at *3 (S.D. Tex. Sept. 24, 2013), the court held that "[t]he contention that a particular defendant is an employer 'is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof,'" but it quoted that proposition from a 2007 case that did not discuss *Twombly* or *Iqbal*, *see Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258, 260 (W.D. Tex. 2007).  Indeed, Plaintiff too relies on Moreno, but for the same reason, the court is unmoved.  Likewise, in *McLaughlin v. Intrepid Holdings, Inc.*, CIV. 4:08-CV-798, 2008 WL 4692386 (S.D. Tex. Oct. 22, 2008), the court denied a Motion to Dismiss even though it could not "adequately ascertain which of the Defendants [wa]s an 'employer' as that term is defined under the FLSA."  *Id.* at *2.  The court did so, however, without seriously grappling with the "*Twiqbal*" pleading standard.  As such, this Court declines to follow the cases that Plaintiff relies upon.

### III.    LEAVE TO AMEND

Federal Rule of Civil Procedure 15 provides that this Court "should freely give leave when justice so requires."  *Cole v. Sandel Med. Indus., LLC.,* 413 Fed. App'x. 683, 688 (5th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)).  In considering whether to grant leave to amend, the Court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993); *see also United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (holding that denial of leave to amend may be appropriate when amendment would be futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir.

5

2000) (holding that a proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted"). Because the Court cannot say that amendment would be futile; it grants leave to file an Amended Complaint within twenty days of this order.

## IV. CONCLUSION

In light of the foregoing, the Motion to Dismiss is **GRANTED.** Plaintiff has twenty days to replead.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this Eleventh day of December, 2013.

*[signature]*

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**